1  GARY M. RESTAINO
   United States Attorney
2  District of Arizona
   MATTHEW C. CASSELL
3  Colorado State Bar No. 38157
   Assistant U.S. Attorney
4  CRAIG H. RUSSELL
   Assistant U.S. Attorney
5  Arizona State Bar No. 029206
   United States Courthouse
6  405 W. Congress Street, Suite 4800
   Tucson, Arizona 85701
7  Telephone:  520-620-7300
   Email: Matthew.Cassell@usdoj.gov
8         Craig.Russell@usdoj.gov
   Attorneys for Plaintiff
9

10                    IN THE UNITED STATES DISTRICT COURT

11                        FOR THE DISTRICT OF ARIZONA

12  United States of America,

13                          Plaintiff,              CR 22-1857-006-TUC-RM (LCK)

14            vs.                                        Plea Agreement

15  Timothy Scott Waltermire, Jr.,

16                          Defendant.

17         The United States of America and the defendant, Timothy Scott Waltermire, Jr.,

18  agree to the following disposition of this matter:

19                                     PLEA

20         The defendant agrees to plead guilty to Counts 2-6 of the Indictment, charging the

21  defendant with violations of Title 18, United States Code, Section 554(a), Smuggling

22  Goods from the United States, a felony offense. The defendant also agrees to the Forfeiture

23  Allegation of the Indictment. The government agrees to dismiss the remaining counts of

24  the Indictment against the defendant at the time of sentencing.

25                            ELEMENTS OF THE CRIME

26         The essential elements of Smuggling Goods from the United States are that:

27         (A)    The defendant knowingly exported and attempted to export from the United

28  States any merchandise, article, or object; and



(B)    The exportation of the merchandise, article, or object was contrary to any law or regulation of the United States.

(C)    The defendant knew the exportation of the merchandise, article, or object was contrary to any law or regulation of the United States.

<u>STIPULATIONS, TERMS AND AGREEMENTS</u>

The defendant understands the guilty plea is conditioned upon the following terms, stipulations, and requirements:

<u>Maximum Penalties</u>:  The defendant understands and agrees that the maximum penalty for the offense to which he is pleading are a fine of $250,000, a maximum term of ten (10) years imprisonment, or both, and a maximum term of three (3) years supervised release.

The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

Special Assessment:  The defendant understands that in accordance with Title 18, United States Code, Section 3013, upon entry of judgment of conviction, there shall be assessed a $100.00 special assessment for each felony count.

Immigration consequence:  The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if the defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty.  Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status.  The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's automatic removal from the United States.

/ / /

2

Agreement Regarding Sentencing:

   a.    Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate and agree that the below guideline calculations are appropriate for the charge for which the defendant is pleading guilty, if the defendant is entitled to Acceptance of Responsibility:

|  |  |  |
|---|---|---|
| Base Offense Level (§ 2M5.2(a)(1)) | | 26 |
| Aggravated Role (§ 3B1.1(b)) | | +3 |
| Acceptance (§ 3E1.1(a) and (b)) | | <u>-3</u> |
| Total Adjusted Offense Level | | 26 |

   a.    Sentencing Range: Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate and agree that the following are the applicable guideline ranges for the offense, based on the defendant's criminal history category (CHC):

   63-78 months imprisonment if the defendant is in CH category I;

   70-87 months imprisonment if the defendant is in CH category II;

   78-97 months imprisonment if the defendant is in CH category III;

   92-115 months imprisonment if the defendant is in CH category IV;

   110-120 months imprisonment if the defendant is in CH category V; and

   120 months imprisonment if the defendant is in CH category VI.

   b.    The parties stipulate that the defendant's sentence **shall not exceed the low end of the applicable guideline range** as calculated under U.S.S.G. § 1B1.1(a). The defendant may withdraw from the plea agreement if he receives a sentence that exceeds the low end of the applicable guideline range as calculated under U.S.S.G. § 1B1.1(a).

   c.    If the defendant moves for any adjustments in Chapters Two, Three, or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines, the government may withdraw from this agreement. If the defendant argues for a variance under 18 U.S.C. 3553(a) in support of a sentence, the government may oppose the requested variance. The government, however, **will not withdraw** from the agreement if the defendant argues for, and the Court grants, a variance.

d. <u>Assets and Financial Responsibility</u>. The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

e. <u>Acceptance of Responsibility</u>. If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will move the Court for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

f. The defendant understands and agrees that this plea agreement contains all the terms, conditions and stipulations regarding sentencing. If the Court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

g. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement and allow the defendant an opportunity to withdraw the defendant's guilty plea, all pursuant to Rule 11(c)(5) and Rule 11(d)(2)(A),

1  Fed. R. Crim. P.

2        h.     The defendant understands that if the defendant violates any of the conditions

3  of the defendant's supervised release, the supervised release may be revoked.  Upon such

4  revocation, notwithstanding any other provision of this agreement, the defendant may be

5  required to serve an additional term of imprisonment or the defendant's sentence may

6  otherwise be altered.

7        i.     The defendant and the government agree that this agreement does not in any

8  manner restrict the actions of the government in any other district or bind any other United

9  States Attorney's Office.

10        j.     This plea agreement is contingent on the guilty pleas of all co-defendants in

11  this case.  If any of the co-defendants do not plead guilty, the government reserves the right

12  to withdraw from the plea agreement.

13  <u>Disclosure of Information to U.S. Probation</u>:

14        The defendant understands the government's obligation to provide all information

15  in its file regarding the defendant to the United States Probation Office.

16        The defendant understands and agrees to cooperate fully with the United States

17  Probation Office in providing:

18        a.     All criminal history information, i.e., all criminal convictions as defined

19  under the Sentencing Guidelines.

20        b.     All financial information, i.e., present financial assets or liabilities that relate

21  to the ability of the defendant to pay a fine or restitution.

22        c.     All history of drug and alcohol abuse which would warrant a treatment

23  condition as part of sentencing.

24        d.     All history of mental illness or conditions which would warrant a treatment

25  condition as part of sentencing.

26  <u>Reinstitution of Prosecution</u>:

27  If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a

28  later proceeding, the government will be free to prosecute the defendant for all charges as

1    to which it has knowledge, and any charges that have been dismissed because of this plea

2    agreement will be automatically reinstated.    In such event, the defendant waives any

3    objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment

4    to the Constitution as to the delay occasioned by the later proceedings.

5                                    AGREEMENT AS TO FORFEITURE

6        a.    The defendant, Timothy Scott Waltermire, Jr., knowingly and voluntarily

7    agrees to forfeit all right, title and interest in the following firearms and receivers

8    (hereinafter the "Seized Firearms and Receivers"):

| Line # | Firearms/Receivers | Serial Number |
|---|---|---|
| 1 | (2) FMK Firearms 9C1 Gen 2 9mm pistols | BGG6720/ BGG6717 |
| 2 | Masterpiece Arms MPA30T 9mm pistols | FX32141 |
| 3 | Nova Modul NAK9 9mm pistols | RON2163514 |
| 4 | Palmetto State Armory PA-15 multi-caliber receivers | SCD791165 |
| 5 | Taurus 856 .38 special revolver | ACM686864 |
| 6 | Sig Sauer P320 9mm pistol | 58K114125 |
| 7 | (2) Glock 19, 9mm pistols | BVHB615 / BVHB618 |
| 8 | (13) Palmetto State Armory PA-15 multi-caliber receivers | SCB928199/ SCB928163/ SCB928183/ SCB931649/ SCB928124/ SCB928121/ SCB928122/ SCB928111/ SCB931650/ SCB391652/ SCB928169/ SCB931646/ SCB931651 |
| 9 | Glock 17 9mm pistol | BTES667 |
| 10 | Harrington and Richardson 904 .22 caliber Revolver | AY096261 |
| 11 | Springfield Armory 1911 .45 caliber pistol | NM669217 |
| 12 | Taurus TH9 9mm pistol | ACG023451 |

| 13 | Taurus PT24/7 G2C 9mm pistol | NHS59845 |
|----|------------------------------|----------|
| 14 | Mossberg 500 12-gauge shotgun | T589736 |
| 15 | Palmetto State Armory PA-15 multi-cal pistol | SCB936021 |
| 16 | Ruger American .65 caliber rifle | 690260986 |
| 17 | SCCY Industries CPX-1 9mm pistol | C156914 |
| 18 | Umarex Sportwaffen GMBH&Co. R1 .22 caliber rifle | HA030679 |
| 19 | Francolin Intl. Arms Citadel Boss-25 shotgun | 21-49074 |
| 20 | Palmetto State Armory PA-15 multi-cal pistol | SCD301850 |
| 21 | Sun City Machinery Co., LTD Stevens 320 12-gauge shotgun | 201499T |
| 22 | Savage Arms Inc. 64 .22 caliber rifle | 1816717 |
| 23 | Marlin Firearms Co. 60 .22 caliber rifle | 91496844 |
| 24 | Savage Axis .380 caliber rifle | H320788 |

b.    The defendant agrees not to contest the administrative forfeiture of the Seized Firearms and Receivers and the $7,885.00 in U.S. currency seized in the investigation and agrees to withdraw his administrative claim to the Seized Firearms and Receivers.

c.    The defendant, did willfully engage in the business of dealing firearms without a license, involving the following firearms and receivers:

| Line # | Firearms/Receivers | Serial Number |
|--------|--------------------|--------------|
| 1 | (4) FMK Firearms 9C1 Gen 2 9mm pistols | SBD4910/ SBD4911/ BTT3003/ BTT3033 |
| 2 | Pioneer Arms Hellpup 7.62x39mm pistol | PAC1164226 |
| 3 | (4) Palmetto State Armory PSAK47 7.62x39 rifles | AKB053785/ AKB054807/ AKB055009/ AKB055041 |
| 4 | (5) Palmetto State Armory PA-15 multi-caliber receivers | SCB121760/ SCB121768/ SCD785523/ SCD785755/ SCD786172 |

7

| 5 | (6) Palmetto State Armory PSAK47 7.62x39mm rifles | AKB053830/ AKB053559/ AKB054720/ AKB053228/ AKB053828/ AKB053850 |
|---|---|---|
| 6 | FMK Firearms 9C1 Gen 2 9mm pistols | SBD4900 |
| 7 | Masterpiece Arms MPA30T 9mm pistols | FX32140 |
| 8 | Tisas Zigana PX-9 9mm pistol | T062021BM23325 |
| 9 | (3) Palmetto State Armory PSAK47 7.62x 39mm rifles | AKB054060/ AKB053171/ AKB054739 |
| 10 | (8) Palmetto State Armory PA-15 multi-caliber receivers | SCB925657/ SCB927276/ SCB925633/ SCB927272/ SCB925674/ SCB927271/ SCB925654/ SCB925663 |
| 11 | (10) Palmetto State Armory PSAK47 7.62x39mm rifles | AKB060454/ AKB059477/ AKB061021/ AKB060446/ AKB054229/ AKB059662/ AKB054261/ AKB053106/ AKB053103/ AKB060444 |
| 12 | (2) TISAS Zigana PX-9 9mm pistols | T062021BM38760 T062021BM23554 |
| 13 | Nova Modul NAK9 9mm pistols | RON2164097 |
| 14 | (6) Palmetto State Armory PA-15 multi-caliber receivers | SCD311345/ SCD311341/ SCB930554/ SCD789745/ SCB928131/ SCB928118 |
| 15 | Glock 19, 9mm pistol | BVHB616 |
| 16 | Ruger 22 Charger .22 pistol | 492-17896 |
| 17 | (15) Palmetto State Armory PA-15 multi-caliber receivers | SCD204077/ SCB912947/ SCB777364/ SCB912934/ SCD777916/ SCB119421/ SCD416742/ SCD416744/ SCD172068/ SCB912945/ SCB912940/ SCD416743/ SCD777917/ SCB119392/ SCB119427 |
| 18 | UMBE 1032 10 guage shotgun | 7284 |
| 19 | (7) Palmetto State Armory PA-15 multi-caliber receivers | SCD779091/ SCB917641/ SCB917629/ SCB917639/ SCB917620/ SCD779102/ SCD779084 |

| 20 | (4) Palmetto State Armory G3-lo multi-caliber receivers | G347831/ G348111/ G348038/ G348108 |
| 21 | Rockisland 206 .38 special pistol | RIA2212377 |
| 22 | Henry Golden boy/NVM .22LR rifle | GB236133 |
| 23 | Taurus 1911 .45ACP pistol | ACE946496 |
| 24 | (10) Palmetto State Armory PA-15 multi-caliber receivers | SCD782430/ SCD782424/ SCD782422/ SCB18404/ SCD782419/ SCB918448/ SCB918434/ SCB918441/ SCD782439/ SCB918433 |
| 25 | (2) Palmetto State Armory SA G3-lo multi-caliber receivers | G348795/ G348815 |
| 26 | (8) Palmetto State Armory PA-15 multi-caliber receivers | SCB200358/ SCD209029/ SCB908730/ SCB200355/ SCD209027/ SCB908669/ SCB908670/ SCB920637 |
| 27 | Palmetto State Armory PSAK47 multi-caliber receiver | AKB056739 |
| 28 | Ruger NM Blackhawk .357 mag pistol | 37-40502 |
| 29 | Pioneer Arms Hellpup 7.62x39mm pistol | PAC1164619 |
| 30 | Ruger Mini-14 5.56x45mm rifle | 584-65462 |
| 31 | Heritage Roughrider .22LR revolver | 3PH046728 |

(hereinafter "Firearms and Receivers Not Seized") in violation of Title 18, United States Code, Sections 922(a)(1)(A) and 924(a)(1) (D).

     d.     Further, the defendant admits that the government can prove the total value of the Firearms and Receivers Not Seized amounts to $39,980.42 in U.S. currency.

     e.     The defendant further admits that the Seized Firearms and Receivers and Firearms and Receivers Not Seized represent property involved in the commission of the offense for which the defendant is pleading guilty, and are therefore forfeitable pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

     f.     The defendant admits that the Firearms and Receivers Not Seized have been transferred, sold to, or deposited with a third party, or placed beyond the jurisdiction of the

1    court and are no longer available for forfeiture as described in Title 21, United States Code,

2    Section 853(p)(1).

3         g.     The defendant knowingly and voluntarily agrees to the entry of a judgment

4    equal to the value of the Firearms and Receivers Not Seized, that is, $39,980.42 in U.S.

5    currency, as a substitute asset in lieu of, and in satisfaction of, the forfeiture of the Firearms

6    Not Seized, as authorized by Title 21, United States Code, Section 853(p)(2), as

7    incorporated by Title 28, United States Code, Section 2461(c).

8         h.     The defendant agrees to pay in full $39,980.42 in United States currency, via

9    cashier's checks in consecutive monthly installments, made payable to United States

10   Marshals Service, Sandra O'Connor Courthouse, Suite 270, Attention: Asset Forfeiture,

11   401 W. Washington St., SPC-64, Phoenix, Arizona 85003-2159, and reference "Timothy

12   Scott Waltermire, Jr." and "CR 22-1857-006-TUC-JCH (BGM)."

13        i.     In the event that the defendant does not remit the cashier's checks totaling

14   the amount of $39,980.42 in United States currency to the government, the defendant

15   knowingly and voluntarily agrees, that pursuant to Tile 21, United States Code, Section

16   853(p), the United States will seek forfeiture of any other property of said defendant, up to

17   the value of the Firearms Not Seized ($39,980.42 in United States currency), including but

18   not limited to all property, both real and personal, owned by the defendant.

19        i.     The defendant acknowledges that failure to pay on or satisfy the $39,980.42

20   in United States currency judgment could allow for referral of the debt to the United States

21   Department of Treasury for the purpose of collecting debts through the Treasury Offset

22   Program.  Under this program, the Department of Treasury will reduce or withhold any

23   eligible Federal payments by the amount of the debt.  This "offset" process is authorized

24   by the Debt Collection Act of 1982, as amended by the Debt Collection Improvement Act

25   of 1996 and the Internal Revenue Code.

26        j.     The defendant knowingly and voluntarily agrees to consent to the entry of

27   orders of forfeiture for the Seized Firearms and Receivers, Firearms and Receivers Not

28   Seized, or any assets that are related to satisfying the $39,980.42 in United States currency,

1   or any other assets, or seized property that are related to satisfying the forfeiture, covered

2   by this agreement. The defendant waives the requirements of Federal Rules of Criminal

3   Procedure, Rule 32.2 regarding notice of the forfeiture in the charging instrument,

4   announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the

5   judgment.

6         k.     The defendant knowingly and voluntarily agrees to waive all interest in the

7   Seized Firearms and Receivers, Firearms and Receivers Not Seized, and other property that

8   may be seized in this case, in any administrative, civil or criminal judicial proceeding,

9   whether state or federal, which may be initiated.

10        l.     The defendant acknowledges that he understands that the forfeiture of assets

11   is part of the sentence that may be imposed in this case and waives any failure by the Court

12   to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the

13   time his guilty plea is accepted.

14        m.    The defendant knowingly and voluntarily agrees to waive all constitutional,

15   legal, and equitable defenses to all constitutional and statutory challenges in any manner

16   (including direct appeal, habeas corpus, any jeopardy defense or claim of double jeopardy,

17   or any other means), and knowingly and voluntarily agrees to waive any claim or defense

18   under the Eighth Amendment to the United States Constitution, including any claim of

19   excessive fine or punishment, to any forfeiture carried out in accordance with this plea

20   agreement on any grounds.

21        n.     The defendant knowingly and voluntarily agrees to hold the United States,

22   its agents and employees harmless from any claims whatsoever in connection with any

23   seizure or forfeiture of the assets, or forfeiture of any other property that is related to

24   satisfying the $39,980.42 in United States currency, covered by this agreement.

25        o.     The defendant knowingly and voluntarily agrees and understands that the

26   forfeiture of the assets carried out in accordance with this plea agreement including any

27   payment made by the defendant to satisfy the $39,980.42 in United States currency, shall

28

1    not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or

2    any other penalty this Court may impose upon the defendant in addition to the forfeiture.

3          p.      Defendant agrees that the forfeiture provisions of this agreement are intended

4    to, and will, survive him, notwithstanding the abatement of any underlying criminal

5    conviction after the execution of this agreement. The forfeitability of any particular

6    property pursuant to this agreement shall be determined as if defendant had survived, and

7    that determination shall be binding on defendant's heirs, successors, and assigns until the

8    agreed forfeiture is collected in full.

9          q.      The defendant shall be jointly and severally liable with co-defendants listed

10   below for the amounts listed below:

11         1.      Roy Glen Cline III      $11,669.35

12         2.      Tylor Cody Joiner      $28,311.07

13   <u>Waiver of Defenses and Appeal Rights</u>:

14         The defendant waives any and all motions, defenses, probable cause determinations,

15   and objections that the defendant could assert to the information or indictment, or to the

16   petition to revoke, or to the Court's entry of judgment against the defendant and imposition

17   of sentence upon the defendant providing the sentence is consistent with this agreement.

18   The defendant further waives: (1) any right to appeal the Court's entry of judgment against

19   defendant; (2) any right to appeal the imposition of sentence upon defendant under Title

20   18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district

21   court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's

22   conviction and sentence under Title 28, United States Code, Section 2255, or any other

23   collateral attack; and (5) any right to file a motion for modification of sentence, including

24   under Title 18, United States Code, Section 3582(c) (except for the right to file a

25   compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of

26   such a motion). The defendant acknowledges that this waiver shall result in the dismissal

27   of any appeal or collateral attack the defendant might file challenging his conviction or

28   sentence in this case. If the defendant files a notice of appeal or a habeas petition,

notwithstanding this agreement, the defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether the defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar a claim by the defendant of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)) or a claim by the defendant of ineffective assistance of counsel.

Plea Addendum

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in separate documents and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

1     My guilty plea is not the result of force, threats, assurances or promises other than

2    the promises contained in this agreement. I agree to the provisions of this agreement as a

3    voluntary act on my part, rather than at the direction of or because of the recommendation

4    of any other person, and I agree to be bound according to its provisions.

5     I fully understand that, if I am granted probation or placed on supervised release by

6    the court, the terms and conditions of such probation/supervised release are subject to

7    modification at any time. I further understand that, if I violate any of the conditions of my

8    probation/supervised release, my probation/supervised release may be revoked and upon

9    such revocation, notwithstanding any other provision of this agreement, I may be required

10    to serve an additional term of imprisonment or my sentence may otherwise be altered. I

11    agree that any Guidelines Range referred to herein or discussed with my attorney is not

12    binding on the court and is merely an estimate.

13     I agree that this written plea agreement contains all the terms and conditions of my

14    plea and that promises made by anyone (including my attorney), and specifically any

15    predictions as to the guideline range applicable, that are not contained within this written

16    plea agreement are without force and effect and are null and void.

17     I am satisfied that my defense attorney has represented me in a competent manner.

18     I am fully capable of understanding the terms and conditions of this plea agreement.

19    I am not now on or under the influence of any drug, medication, liquor, or other intoxicant

20    or depressant, which would impair my ability to fully understand the terms and conditions

21    of this plea agreement.

22    <u>Factual Basis</u>:

23     I agree that the following facts accurately describe my conduct in connection with

24    the offense to which I am pleading guilty; and, that if this matter were to proceed to trial,

25    the government could prove the elements of the offense beyond a reasonable doubt based

26    on the following facts:

27         The defendant, Timothy Scott Waltermire, Jr., was a member of a conspiracy

28         to smuggle weapons from the United States into Mexico.

On ten separate occasions between October 29, 2021, and January 20, 2022, Roy Glen Cline III purchased a total of 57 firearms from federally licensed firearms dealers in the District of Arizona, on behalf of the defendant. On five separate occasions between December 28, 2021, and February 7, 2022, Tylor Cody Joiner purchased a total of 76 firearms from federally licensed firearms dealers in the District of Arizona, on behalf of the defendant.

The defendant and co-defendants Julian Canastillo and/or Daniel Canastillo-Molina, arranged for many of the purchased firearms to be unlawfully exported from the United States into Mexico. While the defendant was not certain these firearms were to be exported from the United States into Mexico, he admits that he was aware that there was a high probability that the firearms were to be exported from the United States into Mexico, and he deliberately avoided learning the truth. The defendant admits that he was willfully ignorant of the destination of the firearms mentioned in this factual basis.

Between on or about December 28, 2021, and on or about March 1, 2022, in the District of Arizona, the defendant, Julian Canastillo and/or Daniel Canastillo-Molina arranged for the following firearms to be unlawfully exported from the United States into Mexico: Four (4) FMK Firearms 9C1 Gen 2 9mm pistols, four (4) Palmetto State Armory PSAK47 7.62x39mm rifles, and a Pioneer Arms Hellpup 7.62x39mm pistol.

Between on or about December 30, 2021, and on or about March 1, 2022, in the District of Arizona, the defendant, Julian Canastillo and/or Daniel Canastillo-Molina arranged for the following firearms to be unlawfully exported from the United States into Mexico: One (1) Pioneer Arms Hellpup 7.62x39mm pistol.

Between on or about January 12, 2022, and on or about March 1, 2022, in the District of Arizona, the defendant, Julian Canastillo and/or Daniel Canastillo-Molina arranged for the following firearms to be unlawfully exported from the United States into Mexico: One (1) Palmetto State Armory PSAK47 7.62x39mm rifle.

Between on or about January 19, 2021, and on or about August 10, 2022, in the District of Arizona, the defendant, Julian Canastillo and/or Daniel Canastillo-Molina arranged for the following firearms to be unlawfully exported from the United States into Mexico: One (1) Palmetto State Armory PA-10 multi-caliber receiver.

15

The firearms the defendant and co-defendants unlawfully exported or attempted to unlawfully export into Mexico qualify as United States Commerce Control List items and therefore are prohibited by law for export from the United States into Mexico without a valid license. Neither the defendant nor any other individual involved in the attempted export of the firearms had a license or any other lawful authority to export them from the United States into Mexico.

9-12-24
_____
Date

Timothy Waltermire
_____
Timothy Scott Waltermire, Jr.
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible and Defendant's waiver of his right to appeal. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement.

I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

9.12-24
_____
Date

_____
D. Tyler Francis, Esq.
Attorney for the defendant

16

1

**GOVERNMENT'S APPROVAL**

2         I have reviewed this matter and the plea agreement.  I agree on behalf of the United

3     States that the terms and conditions set forth are appropriate and are in the best interests of

4     justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

5

6

7

8     9/12/2024
9     Date                                          bor:  CRAIG H. RUSSELL
                                                           Assistant U.S. Attorney
10

11

12    9/12/2024
13    Date                                                MATTHEW C. CASSELL
                                                          Assistant U.S. Attorney
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17